**LAW OFFICE OF STEWART KATZ**
STEWART KATZ, SBN #127425
GUY DANILOWITZ, SBN #257733
555 University Avenue, Suite 270
Sacramento, California 95825
Telephone: (916) 444-5678

Attorneys for Plaintiff
Brienna Holmes

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIENNA HOLMES, | # |
|       Plaintiff, | **COMPLAINT FOR VIOLATION OF CIVIL RIGHTS AND STATE LAW [42 U.S.C. SECTION 1983]** |
|    vs. | |
| JOYCE SOUZA, University of California at Davis Police Captain; MATTHEW CARMICHAEL, University of California at Davis Police Lieutenant; RYAN MEZ, Yolo County Sheriff's Department; Deputy GARY RICHTER, Yolo County Sheriff's Department Deputy; JEFF REISIG, Yolo County District Attorney; COUNTY OF YOLO; and DOES 1-10, | **JURY TRIAL DEMANDED** |
|       Defendants. | |
| _____/ | |

Plaintiff, Brienna Holmes, complains and alleges as follows:

### I. JURISDICTION

1.      This Complaint seeks, inter alia, damages pursuant to Title 42 U.S.C. sections 1983 and 1988, for violation of plaintiff's civil rights.  Jurisdiction is founded upon Title 28 U.S.C. sections 1331 and 1343.

### II. VENUE

2.       Plaintiff's claims, alleged herein, arose in the County of Yolo, California.

1   Therefore, venue lies in the Eastern District of California pursuant to 28 U.S.C. section

2   1391(b)(2).

3

4                              **III. INTRODUCTION**

5          3.      This lawsuit is about the violent unjustified arrest and subsequent criminal

6   prosecution of UC Davis student Brienna Holmes, while she was peacefully and lawfully

7   observing police arrest student protesters on the UC Davis campus on November 19, 2009.

8   Although she complied with all commands which she was given, Holmes was shoved

9   backwards several times by defendant UC Davis Police Captain Joyce Souza and then

10  violently tackled onto the hood of a patrol vehicle by defendants, Yolo County Sheriff's

11  Deputies, Gary Richter and Ryan Mez.  To add insult to injury, at the direction of UC

12  Davis officials, the Yolo County District Attorney's Office did not file charges against fifty

13  protesters who were arrested with Holmes but prosecuted Holmes criminally.  Following

14  the trial, the charges against Holmes were dismissed.

15                                **IV. PARTIES**

16         4.      Plaintiff Brienna Holmes ("Ms. Holmes") was during all times mentioned

17  herein, a student at UC Davis, residing during the school year in Yolo County.

18         5.      Defendant Joyce Souza ("Souza") (Badge #1004) was during all times

19  mentioned a Police Captain employed by UC Davis.  All of the actions committed by and

20  attributed to Souza were performed under color of state law.

21         6.      Defendant Matthew Carmichael ("Carmichael") (Badge #1005) was during

22  all times mentioned herein a Police Lieutenant employed by UC Davis.  All of the actions

23  committed by and attributed to Carmichael were performed under color of state law.

24         7.      Defendant Gary Richter ("Richter") (Badge #138) was during all times

25  mentioned herein a Sheriff's Deputy employed by defendant County of Yolo.  All of the

26  actions committed by and attributed to Richter were performed under color of state law.

27

28

8.      Defendant Ryan Mez ("Mez") (Badge #153) was during all times mentioned herein a Sheriff's Deputy employed by defendant County of Yolo.  All of the actions committed by and attributed to Mez were performed under color of state law.

9.      Defendant Jeff Reisig was during all times mentioned herein the Yolo County District Attorney, employed by Yolo County.  All of the actions committed by and attributed to Mez were performed under color of state law.

10.     Defendant County of Yolo is a political subdivision of the State of California, created and existing by virtue of the laws of the State of California.

11.     The true names and identities of defendant DOES 1 through 5 are presently unknown to plaintiff.  Plaintiff alleges that each of defendants DOES 1 through 5 was employed by the Yolo County District Attorney's Office at the time of the conduct alleged herein.  Plaintiff alleges that each of DOES 1 through 5 abdicated his responsibility to exercise his discretion in the criminal prosecution of plaintiff.  Plaintiff will seek to amend this Complaint as soon as the true names and identities of defendant DOES 1 through 5 have been ascertained.

12.     The true names and identities of defendant DOES 6 through 10 are presently unknown to plaintiff.  Plaintiff alleges that each of defendants DOES 6 through 10 was employed by the University of California at Davis at the time of the conduct alleged herein.  Plaintiff alleges that DOES 1 through 5 caused plaintiff's prosecution by directing the District Attorney to charge her criminally.  Plaintiff will seek to amend this Complaint as soon as the true names and identities of defendant DOES 1 through 5 have been ascertained.

**V. EXHAUSTION OF GOVERNMENT TORT CLAIM PROCEDURES**

13.     Plaintiff filed a timely government tort claim with the County of Yolo on or about May 6, 2010, as a precondition to the state law claims alleged in this action.

14.     Plaintiff's tort claim was rejected by operation of law on June 21, 2010.

//

//

# VI. FACTUAL ALLEGATIONS

15.     Plaintiff Brienna Holmes was a junior at UC Davis during the fall semester of 2009 when University of California students throughout the state staged protests against tuition and fee hikes.  On the afternoon of November 19, 2009, students at several UC campuses, including Davis, had organized a day of protest against the tuition and fee hikes.

16.     The afternoon began with teach-ins and a march across campus in which Ms. Holmes participated.  The march ended at Mrak Hall, which is the central building for the school's administration and where UC Davis Chancellor Linda Katehi's office is located.

17.     Students gathered in the lobby of Mrak Hall seeking a meeting with the Chancellor but were told that she was unavailable and instead, Vice Chancellor Janet Gong met with the students.  The initial gathering was limited to about 45-70 people but more students began to arrive as the meeting with Vice Chancellor Gong continued.

18.     As it got later, the police also increased their presence and students began to discuss the possibility of staying in the building after its closing at 5:00PM.

19.     Ms. Holmes was initially among the group in Mrak Hall meeting with Gong but left with a group of about 15 students at around the time the building was closing, in part because she did not want to stay in Mrak Hall in violation of a lawful order.

20.     At around 6:15 p.m., Holmes returned to Mrak Hall with a friend, Yoo-Hyun Oki ("Oki") to look for the friend's boyfriend who they believed might still be inside Mrak Hall.  As Ms. Holmes and Oki approached the building they noticed that police were blocking the front doors to separate the students who were still inside the building from others who had apparently gathered outside the building. The students outside the building were chanting and clapping and talking with the media.

21.     Shortly thereafter, police reinforcements arrived and prepared to arrest students inside of Mrak Hall.  Police in riot gear began to make a barrier to create a pathway to escort arrestees from Mrak Hall to a police van.

22.     The crowd outside grew much larger and louder as the police started to push their way though and Ms. Holmes got separated from Oki and started to make her way towards the back of the crowd where there were fewer people.  Ms. Holmes was carrying a leather bag which contained a laptop computer and books and weighed about 20lbs. Based on her observations of the route the officers were taking in moving arrestees and that police weren't directing the crowd to move elsewhere, Holmes believed she was lawfully standing in a safe location.

23.     Ms. Holmes suddenly noticed UC Davis Police Captain defendant Joyce Souza right in front of her face, approaching and ordering her to step back.  Although Ms. Holmes complied, Souza continued her approach and shoved Ms. Holmes in her chest with her two open palms.  Souza shoved Ms. Holmes several more times and Ms. Holmes staggered backwards.  Ms. Holmes lost her balance and put her hands out to try and catch her balance and brace herself for a fall.  Captain Souza bumped Ms. Holmes again and struck Ms. Holmes' hands down.

24.      Without giving any orders, defendant Deputies Gary Richter and Ryan Mez then immediately grabbed Ms. Holmes and violently slammed her onto the hood of a patrol vehicle pinning her arm, which had gotten tangled in the strap of her bag, under her weight, the weight of the bag, and the weight of both officers.

25.     The deputies repeatedly grabbed and jerked Ms. Holmes' limbs ignoring her screams that her arm was stuck and in pain.

26.     Out of fear and pain, Ms. Holmes then urinated on herself.

27.     Holmes was charged with violations of Penal Code sections 148(a)(1) and 243(b) in Yolo County Superior Court case number CRM-100000133.

28.     Each of defendants DOES 6-10 caused the prosecution of Holmes by directing the D.A. to charge her.

29.     Each of defendants District Attorney Reisig and DOES 1-5 abdicated his responsibility to use his discretion in the criminal prosecution of Holmes.

30.     On July 26, 2010, the Yolo County Superior Court declared a mistrial following a jury trial after a jury could not reach a verdict on the charges against Holmes.

31.     On August 6, 2010, the Yolo County Superior Court granted the Yolo County District Attorney's motion to dismiss the charges against Ms. Holmes.

32.     Ms. Holmes suffered physical injuries, emotional distress and public humiliation as a result of the actions of defendants Souza, Carmichael, Richter, Mez and County of Yolo.

33.     Ms. Holmes incurred legal fees and suffered further public humiliation as a result of the actions of District Attorney Reisig and DOES 1-10.

34.     Fifty other people were arrested on November 19, 2009 for violating a lawful order to leave Mrak hall.  The Yolo County District Attorney's office did not file charges against any of those fifty people.

35.     Defendants Does 6-10 and each of them directed defendants Yolo County District Attorney Reisig and each of Does 1-5 regarding the prosecution of Ms. Holmes and the other fifty arrestees.

## VII. CAUSES OF ACTION

### FIRST CAUSE OF ACTION
**Unreasonable Seizure/Excessive Force**
**(Violation of the Fourth Amendment to the U.S. Constitution:**
**Actionable under 42 U.S.C. §1983)**
(*Brought against defendants Souza, Carmichael, Richter, Mez and County of Yolo*)

36.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 35, as though fully set forth herein.

37.     The actions of defendants Souza, Carmichael, Richter and Mez, as alleged herein, interfered with the exercise and enjoyment of plaintiff's civil rights as guaranteed by the Fourth Amendment to the U.S. Constitution.  Specifically, defendants used excessive force upon plaintiff and interfered with her rights by striking her, handcuffing her, arresting her, and taking her to jail without legal cause.

38.     As a direct and proximate result of said acts and/or omissions by defendants,

1  plaintiff suffered unreasonable interference with her personal liberty, physical injury, emotional

2  distress and other injuries.

3      39.     The aforementioned acts and/or omissions of said defendants were willful,

4  intentional, wanton, reckless and/or accomplished with a conscious disregard of plaintiff's

5  rights entitling plaintiff to an award of exemplary and punitive damages.

6                          **SECOND CAUSE OF ACTION**
                            **Malicious Abuse of Process**
7          **(Violation of the Fourth Amendment to the U.S. Constitution:**
                      **Actionable under 42 U.S.C. §1983)**
8              (*Brought against defendants Reisig and DOES 1-10*)

9

10     40.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 39 as

11  though fully set forth herein.

12     41.     The actions of defendants Reisig and Does 1-10 and each of them, as alleged

13  herein, interfered with the exercise and enjoyment of plaintiff's civil rights as guaranteed by the

14  Fourth Amendment to the U.S. Constitution.  Specifically, in directing the prosecution of

15  plaintiff, each of defendants Does 6-10 employed legal process for a purpose which it was not

16  intended by the law to effect.  In abdicating his responsibility to use his discretion in

17  prosecuting plaintiff, each of defendants Reisig and Does 1-5 employed legal process for a

18  purpose which it was not intended by the law to effect.  Defendants acted maliciously in

19  improperly using legal process and plaintiff suffered deprivation of liberty as a consequence of

20  the proceeding.

21     42.     As a direct and proximate result of said acts and/or omissions by defendants

22  Reisig and Does 1-10 and each of them, plaintiff suffered unreasonable interference with her

23  personal liberty, emotional distress and other injuries.

24     43.     The aforementioned acts and/or omissions of said defendants were willful,

25  intentional, wanton, reckless and/or accomplished with a conscious disregard of plaintiff's

26  rights entitling plaintiff to an award of exemplary and punitive damages.

27  //

28  //

### THIRD CAUSE OF ACTION
**Malicious Abuse of Process**
**(Violation of the Fourteenth Amendment to the U.S. Constitution:**
**Actionable under 42 U.S.C. §1983)**
(*Brought against defendants Reisig and DOES 1-10*)

44.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 43, as though fully set forth herein.

45.     The actions of defendants Reisig and Does 1-10 and each of them, as alleged herein, interfered with the exercise and enjoyment of plaintiff's civil rights as guaranteed by the Fourteenth Amendment to the U.S. Constitution.  Specifically, in directing the prosecution of plaintiff, each of defendants Does 6-10 employed legal process for a purpose which it was not intended by the law to effect.  In abdicating his responsibility to use his discretion in prosecuting plaintiff, each of defendants Reisig and Does 1-5 employed legal process for a purpose which it was not intended by the law to effect.  Defendants acted maliciously in improperly using legal process and plaintiff suffered deprivation of liberty as a consequence of the proceeding.

46.     As a direct and proximate result of said acts and/or omissions by defendants Reisig and Does 1-10, plaintiff suffered unreasonable interference with her personal liberty, emotional distress and other injuries.

47.     The aforementioned acts and/or omissions of said defendants were willful, intentional, wanton, reckless and/or accomplished with a conscious disregard of plaintiff's rights entitling plaintiff to an award of exemplary and punitive damages.

### FOURTH CAUSE OF ACTION
**Battery – California State Law**
(*Brought against Defendants Souza, Carmichael, Richter, Mez and County of Yolo*)

48.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 47, as though fully set forth herein.

49.     The conduct of defendants Souza, Carmichael, Richter, and Mez, as alleged herein, including but not limited to defendants' actions of shoving plaintiff, grabbing her and violently slamming her onto the hood of a patrol vehicle and pinning her there, constituted a battery.

1  50.   Said conduct was a proximate cause of plaintiff's damages and injuries as

2  alleged herein.

3  51.   Defendant County of Yolo is vicariously liable for the conduct of its agents, all

4  individual defendants named herein

## VIII. PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for the following relief:

1.   For compensatory, general and special damages against each defendant,
jointly and severally, in the amount proven at trial;

2.   For punitive and exemplary damages against each defendant in an amount
appropriate to punish defendants and deter others from engaging in similar misconduct, as
allowed by law;

3.   For such other relief, including injunctive and/or declaratory relief, as the
Court may deem proper; and

4.   For costs and reasonable attorneys' fees pursuant to 42 U.S.C. section 1988
and as otherwise authorized by statute or law.


Dated: February 4, 2011                    Respectfully submitted,


                                            /s/ Stewart Katz
                                           STEWART KATZ,
                                           Attorney for Plaintiff

## DEMAND FOR TRIAL BY JURY

Plaintiff Brienna Holmes hereby demands trial by jury.


Dated: February 4, 2011

                                            /s/ Stewart Katz
                                           STEWART KATZ,
                                           Attorney for Plaintiff