1

2

3

4

5          IN THE UNITED STATES DISTRICT COURT

6        FOR THE EASTERN DISTRICT OF CALIFORNIA

7

8  Brienna Holmes,                    )
                                      )    2:11-cv-0332-GEB-DAD
9              Plaintiff,             )
                                      )
10        v.                          )    ORDER GRANTING DEFENDANT YOLO
                                      )    COUNTY'S MOTION TO DISMISS;
11 Joyce Souza, Matthew Carmichael,   )    GRANTING DEFENDANT JEFF
   Ryan Mez, Gary Richter, Jeff       )    REISIG'S MOTION TO DISMISS*
12 Reisig, County of Yolo,            )
                                      )
13             Defendants.            )
   _____    )

14

15        Defendant Yolo County moves for dismissal of Plaintiff's

16 Fourth Amendment unlawful seizure and excessive force claim alleged

17 against it. Yolo County argues its motion should be granted because

18 "there are insufficient facts establishing liability [against it] for

19 civil rights violations" under <u>Monell v. Dept. of Soc. Servs.</u>, 436 U.S.

20 658 (1978). (Mot. 2:6-9, ECF No. 13-1.) Plaintiff responds that she

21 "inadvertently referenced Yolo County in the heading to that cause of

22 action" and does not oppose dismissing her unlawful seizure and

23 excessive force claim against Yolo County. (Opp'n 2:8-10, ECF No. 19.)

24 Therefore, this claim is dismissed.

25        In addition, Defendant Jeff Reisig ("Reisig") moves for

26 dismissal of Plaintiff's federal malicious abuse of process claims

27

28        *    This matter is deemed suitable for decision without oral
   argument. E.D. Cal. R. 230(g).

alleged against him under the Fourth and Fourteenth Amendments to the United States Constitution. Reisig argues his absolute prosecutorial immunity defense shields him from being exposed to liability for these claims or, in the alternative, he argues he is shielded from being exposed to liability for these claims by the immunity afforded to state officials under the Eleventh Amendment to the United States Constitution. (Mot. 2:1-3.) Plaintiff responds that "Reisig's liability is based on his ceding the decision to prosecute plaintiff to . . . unnamed UC Davis defendants . . . [and] that Reisig never made the decision to prosecute plaintiff, instead turning that [decision] over to a third party." (Opp'n 2:4-6.)

When deciding a motion to dismiss a complaint, an inquiry is made into "whether the complaint's factual allegations, together with all reasonable inferences, state a plausible claim for relief." <u>Cafasso, U.S. ex rel. v. General Dynamics C4 Systems</u>, 637 F.3d 1047, 1054 (9th Cir. 2011) (citing <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949-50 (2009)). "Dismissal [for failure to state a claim under Rule 12(b)(6)] is proper . . . when there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." <u>Siaperas v. Mont. State Comp. Ins. Fund</u>, 480 F.3d 1001, 1003 (9th Cir. 2007) (citing <u>Balistreri v. Pacifica Police Dep't</u>, 901 F.2d 696, 699 (9th Cir. 1990)). The material allegations of the complaint are accepted as true and all reasonable inferences are drawn in favor of the nonmovant. <u>Al-Kidd v. Ashcroft</u>, 580 F.3d 949, 956 (9th Cir. 2009). However, this tenet "is inapplicable to legal conclusions," since "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"

1   Iqbal, 129 S. Ct. at 1949 (quoting Bell Atlantic Corp. v. Twombly, 550
2   U.S. 544, 555, 557 (2007))."In sum, for a complaint to survive a motion
3   to dismiss, the nonconclusory 'factual content,' and reasonable
4   inferences from that content, must be plausibly suggestive of a claim
5   entitling the plaintiff to relief." Moss v. U.S. Secret Serv., 572 F.3d
6   962, 969 (9th Cir. 2009) (internal citation omitted).

7        Plaintiff alleges in her complaint that she "was charged with
8   violations of Penal Code sections 148(a)(1) and 243(b) in Yolo County
9   Superior Court" in the fall semester of 2009, in connection with her
10  arrest during a student protest at the Mrak Hall building on the UC
11  Davis campus. (Compl. ¶¶ 15, 17, 27.) Plaintiff also alleges that
12  Reisig, as the District Attorney of Yolo County "abdicated his
13  responsibility to use his discretion in the criminal prosecution of
14  [Plaintiff]." Id. ¶ 29. Further, Plaintiff alleges "[i]n abdicating his
15  responsibility to use his discretion in prosecuting plaintiff, . . .
16  Reisig . . . employed legal process for a purpose which it was not
17  intended by the law to effect" in violation of the Fourth and Fourteenth
18  Amendments. Id. ¶¶ 41, 45.

19       A prosecutor is absolutely immune from a civil suit for
20  damages under 42 U.S.C. § 1983 for the act of "initiating a prosecution
21  and in presenting the State's case . . . ." Imbler v. Pactman, 424 U.S.
22  409, 431 (1976). Plaintiff's allegation that Reisig abdicated his
23  responsibility to use his discretion in prosecuting her since he relied
24  on the prosecutorial decision of unnamed UC Davis defendants, seeks to
25  litigate the intent Reisig had when he initiated the prosecution against
26  Plaintiff. However, "[t]he intent of the prosecutor when performing
27  prosecutorial acts plays no role in the immunity inquiry." McCarthy v.
28  Mayo, 827 F.2d 1310, 1315 (9th Cir. 1987) (citing Ashelman v. Pope, 793

1 | F.2d 1072, 1078 (9th Cir. 1986).

2 |        Therefore, Defendant Reisig is absolutely immune from

3 | Plaintiff's malicious prosecution claims and Defendant Reisig's motion

4 | to dismiss these claims is granted.

5 | Dated:  January 24, 2012

_____
GARLAND E. BURRELL, JR.
United States District Judge

4