IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIENNA HOLMES, | 2:11-cv-00332-GEB-DAD |
| Plaintiff, | |
| v. | ORDER RE: SETTLEMENT AND DISPOSITION |
| JOYCE SOUZA, University of California at Davis Police Captain; RYAN MEZ, Yolo County Sheriff's Department Deputy; Deputy GARY RICHTER, Yolo County Sheriff's Department Deputy; and COUNTY OF YOLO, | |
| Defendants.* | |

Plaintiff filed a "Notice of Settlement" on February 26, 2013, in which she states: "all of her claims against all defendants have been settled[,]" and requests that the parties "be allowed until May 1, 2013, so that necessary releases can be executed and a Rule 41 dismissal filed." (ECF No. 32, 1:19-22.)

Therefore, a dispositional document shall be filed no later than May 1, 2013. Failure to respond by this deadline may be construed as consent to dismissal of this action without prejudice, and a

---

* The caption has been amended according to the automatic dismissal of Doe Defendants pursuant to the May 19, 2011 Status (Pretrial Scheduling) Order (ECF No. 18), dismissal of Defendant Jeff Reisig (ECF No. 22), and dismissal of Defendant Matthew Carmichael (ECF No. 25).

1

dismissal order could be filed. See E.D. Cal. R. 160(b) ("A failure to file dispositional papers on the date prescribed by the Court may be grounds for sanctions.").

Further, the final pretrial conference scheduled for hearing on March 18, 2013, is continued to commence at 2:30 p.m. on May 6, 2013, in the event no dispositional document is filed, or if this action is not otherwise dismissed.[2] A joint pretrial statement shall be filed seven (7) days prior to the final pretrial conference.

IT IS SO ORDERED.

Dated: March 1, 2013

GARLAND E. BURRELL, JR.
Senior United States District Judge

---

[2] The final pretrial conference will remain on calendar, because the mere representation that a case has been settled does not justify vacating a scheduling proceeding. Cf. Callie v. Near, 829 F.2d 888, 890 (9th Cir. 1987) (indicating that a representation that claims have been settled does not necessarily establish the existence of a binding settlement agreement).